**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 560 SEVENTH AVENUE OWNER PRIMARY LLC and | Case No. 23-11289-PB |
| 560 SEVENTH AVENUE OWNER SECONDARY LLC, | Case No. 23-11071-PB |
| | Jointly Administered |
| Debtors. | |

**OBJECTIONS OF SECURED PARTY TO JOINT APPLICATION OF DEBTORS TO APPROVE RETENTION OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP AS DEBTORS' BANKRUPTCY COUNSEL**

AREPIII MVTS, LLC and CREP Times Square Hotel LLC (together, the "Secured Party"), for their objections to the joint application (the "Application") of 560 Seventh Avenue Owner Primary LLC ("Primary") and 560 Seventh Avenue Owner Secondary LLC ("Secondary" and, together with Primary, the "Debtors") to approve the retention of Goldberg Weprin Finkel Goldstein LLP ("Goldberg Weprin") as bankruptcy counsel [ECF Doc 61], respectfully submits the following:

1. As the Court is fully aware, Secured Party is the sole secured and only creditor of Secondary. While these cases are currently being jointly administered, they are still separate and distinct bankruptcy cases with separate and distinct creditors and issues. Unfortunately, the Application ignores that distinction, and it seeks a joint retention of Goldberg Weprin without differentiation between these cases.

2. While *nunc pro tunc* approval of the retention of bankruptcy counsel by a debtor is common, where there is a very short lag between the filing of the bankruptcy petition and the filing of the retention application, the substantial lag here has not been fully and adequately

explained. Secondary filed its Chapter 11 petition on July 9, 2023, almost 4 months ago, and Primary filed its Chapter 11 petition on August 12, 2023, almost 3 months ago. Characterizing such delay as a mere "oversight" is not a sufficient excuse for a sophisticated and highly experienced bankruptcy firm, and overlooking such extensive delay would set a very bad precedent for other cases. A much better explanation is fully mandated.

3. Goldberg Weprin submits it received retainers of $25,000 directly from each of the Debtors. However, it does not appear from the financial information to which Secured Party has access that any such disbursements were in fact made from any of the Debtors' operating accounts. Goldberg Weprin should be required to present evidence of the direct or indirect sources of the paid retainers, since Secondary apparently had no assets from which any retainers could have been paid and all of the available cash of Primary was apparently being trapped by its mortgagee for the payment of ordinary and necessary operating expenses and debt service, with nothing allocated or permitted to be disbursed for the retention of bankruptcy counsel. Furthermore, Goldberg Weprin should be required to affirmatively confirm there are no agreements with anyone for the payment of their fees in connection with these cases.

4. Goldberg Weprin states it checked the schedules and has confirmed it does not represent any of the Debtors' creditors. Secured Party requests that it also affirmatively state that it does not and has not in the past represented, not only any creditors of the Debtors but, any direct or indirect equity holders of the Debtors or any of their respective affiliates.

5. Even if the Court does approve the retention of Goldberg Weprin, whether only prospectively or *nunc pro tunc,* Goldberg Weprin should nevertheless be directed to segregate and allocate all of its time between Primary and Secondary, and any applications filed for compensation must segregate and allocate its time between Primary and Secondary. Virtually all

2

of the time expended in these cases was in opposing the Secured Party's motion for relief from the stay. Those efforts were solely on behalf of Secondary, and there is no legitimate reason why the Primary estate and its creditors should bear that indebtedness if Secondary has no ability to pay anything.

  WHEREFORE, Secured Party requests that the Application be denied or at least deferred until supplemented as requested herein.

Dated: New York, New York
    November 1, 2023

               PAUL HASTINGS LLP


               By: */s/ Harvey A. Strickon*
                  Harvey A. Strickon

               Attorneys for Secured Party

               200 Park Avenue
               New York, NY 10166
               Tel: (212) 318-6380
               Fax: (212) 230-7689
               E-mail:harveystrickon@paulhastings.com