**COZEN O'CONNOR**
Frederick E. Schmidt, Jr.
3WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 883-4948
eschmidt@cozen.com

Peter J. Roberts
Christina M. Sanfelippo
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
(312) 382-3100
proberts@cozen.com
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession*

Hearing Date: July 23, 2024
at 11:00 a.m. (ET)
Objection Deadline: July 16, 2024
at 5:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re

560 Seventh Avenue Owner Primary LLC

Debtor.
-----------------------------------------------------------x

Garment Center Congregation,

        Plaintiff,

v.

560 Seventh Avenue Owner Primary LLC,

        Defendant.
-----------------------------------------------------------x

Chapter 11

Case No. 23-11289-PB

Adv. Pro. No. 23-01211-PB

**MOTION TO APPROVE SETTLEMENT WITH**
**GARMENT CENTER CONGREGATION PURSUANT TO FED. R. BANKR. P. 9019**

       560 Seventh Avenue Owner Primary LLC (the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Chapter 11 Case"), by and through its undersigned proposed counsel, hereby moves (the "Motion"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

LEGAL\70998825\3

(the "Bankruptcy Rules"), (i) approving the settlement reached among the Debtor and Garment Center Congregation ("Congregation" or "Plaintiff") to resolve the Adversary Proceeding (term defined below) initiated by Congregation; (ii) approving the Escrow Letter (term defined below); and (iii) authorizing the Debtor to take any actions as may be necessary and appropriate to implement the settlement. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION, CORE NATURE AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On August 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The Debtor continues to operate its business and manage its assets as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is the owner of that certain real property located at 560 Seventh Avenue, New York, New York 10018 (the "Property"). Congregation is a party to that certain written lease agreement (as amended, the "Lease"), pursuant to which Congregation leased the space on the ground floor and in the basement of the Property and is afforded certain other rights.

4. On December 28, 2023, Congregation filed its Complaint (the "Complaint")[1] against the Debtor, thereby initiating the adversary proceeding styled *Garment Center Congregation v. 560 Seventh Avenue Owner Primary LLC* (Adv. Pro. No. 23-01211-PB) (the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

2

"Adversary Proceeding"). [*See* Adv. Pro. 23-01211, Dkt. No. 1.] The Complaint seeks the release of certain escrowed funds (the "Payout Escrow") to Congregation, based upon the Debtor's alleged prepetition breaches of the Lease and related escrow agreements. The Complaint seeks the release of the funds that are currently in the Payout Escrow account, and further seeks declaratory relief compelling the Debtor to make post-petition payments into the Payout Escrow account to replenish funds that had been removed prepetition from the account, and the release of those funds to Congregation.

5. On February 12, 2024, the Debtor filed its Motion to Dismiss (the "Motion to Dismiss") the Complaint. [Adv. Pro. 23-01211, Dkt. No. 6.] The parties briefed the Motion to Dismiss and, on May 21, 2024, the Court held a hearing on the same.

6. The Court subsequently entered the *Order Granting in Part and Denying in Part Debtor's Motion to Dismiss* [Adv. Pro. 23-01211, Dkt. No. 14], pursuant to which the Court granted in part and denied in part the Debtor's Motion to Dismiss. The Court dismissed with prejudice the portion of Congregation's Complaint seeking the entry of an order "declaring and directing that [Debtor] replenish the funds removed by [Debtor] from the Payout Escrow (approximately $800,000); and … declaring and directing that upon replenishment of the removed Payout Escrow funds, the replenished funds be released and delivered to Plaintiff by Escrow Agent." [*Id.*] However, the Court denied the Debtor's Motion to Dismiss with respect to Congregation's remaining relief requested, including its request for an order "declaring and directing the Payout Escrow funds currently in the escrow account (approximately $1.7 million, plus accrued interest) be released and delivered to Plaintiff by Escrow Agent[.]" [*Id.*; *see also* Adv. Pro. 23-01211, Dkt. No. 1, p. 13.]

3

LEGAL\70998825\3

7. Following the hearing on the Motion to Dismiss, the parties reached an agreement to settle the remaining issues in the Adversary Proceeding. Specifically, the parties have agreed that in exchange for Congregation's dismissal of the Adversary Proceeding, the Debtor will agree to the release of the Payout Escrow funds currently held in the escrow account to Congregation (the "<u>Settlement</u>"). In order to effectuate the release of the Payout Escrow funds from the escrow account, the Debtor and/or Congregation will submit a joint letter to the Escrow Agent requesting release of the Payout Escrow funds to Congregation (the "<u>Escrow Letter</u>"), and the Debtor will work with Congregation and the Escrow Agent to ensure that the funds are distributed to Congregation. A copy of the proposed Escrow Letter is attached hereto as **Exhibit B**.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks the entry of an order, substantially in the form attached hereto, (i) approving the proposed Settlement with Congregation, and (ii) authorizing the Debtor to take any and all actions as may be necessary and appropriate to implement the Settlement.

## BASIS FOR RELIEF REQUESTED

9. This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> [o]n motion by the [Debtor] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

10. In determining whether to approve a proposed settlement, a court must find that the settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate and

creditors. *See*, *e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1986); *see also In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 ("The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'") (citations omitted) (quoting *In re Penn Centr. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it."). In general, compromises in the bankruptcy context should be approved unless they "'fall below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted).

11.     Under this authority, the Second Circuit has enumerated the following seven interrelated factors (the "*Iridium* Factors") that should be considered in determining whether a compromise should be approved: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining. *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007). The business judgment of the debtor in recommending the settlement should also be factored into the court's analysis. *MF Global Inc.*, 2012 WL 3242533, at *5 (citing *JP Morgan Chase Bank, N.A.*

5

*v. Charter Commc'ns Operating LLC (In re Charter Commc'ns)*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009)).

12. The Debtor respectfully submits that the applicable *Iridium* Factors weigh in favor of approving the Settlement. As to the first factor, the Debtor believes that the Settlement's future benefits outweigh the litigation's possibility of success. The Settlement's future benefits are clear – it provides an immediate and certain resolution of the Adversary Proceeding and litigation concerning Congregation's claims as to the turnover of the Payout Escrow funds. Also, even if the Debtor were to succeed in defending against the Complaint, the parties would still have to resolve Congregation's claims relating to the Lease. The Debtor believes that the Settlement will help facilitate continued good faith discussions between the Debtor and Congregation regarding the Lease and Congregation's claims relating thereto. With respect to the second factor, absent the Settlement, litigation on the remaining issues between the parties would likely be protracted and costly to the estate. The Settlement also serves the interest of creditors as it offers a clear and definitive resolution of pending litigation thereby conserving estate resources. Accordingly, the third *Iridium* Factor weighs in favor of the Settlement.

13. As for the remaining applicable factors, the Debtor does not foresee any objections to the proposed Settlement. Also, the parties have been represented by skilled and experienced bankruptcy and litigation practitioners during this Chapter 11 Case, as well as throughout the negotiations surrounding the Adversary Proceeding and the Settlement. Finally, the terms of the Settlement were reached in good faith, and such terms are the product of arm's length bargaining between the parties.

6

14. For the foregoing reasons, the Debtor respectfully submits that the terms of the Settlement are fair and reasonable, and approval of the Settlement is in the best interests of the Debtor's estate. Accordingly, the Motion should be granted.

### **NOTICE**

15. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) all creditors that have either been scheduled by the Debtor or which have filed a proof of claim in this Chapter 11 Case; (iii) counsel to Congregation; and (iv) all parties requesting such notice pursuant to Bankruptcy Rule 2002 as of the date hereof. The Debtor respectfully submits that such form and manner of notice shall provide good and sufficient notice of the relief sought herein and that no other notice is necessary.

WHEREFORE, Debtor 560 Seventh Avenue Owner Primary LLC respectfully requests the entry of an order: (i) granting the Motion; (ii) approving the Settlement and the Escrow Letter; and (iii) granting such further relief as the Court deems necessary and appropriate.

Dated: New York, New York
June 20, 2024

COZEN O'CONNOR

By: */s/ Frederick E. Schmidt, Jr.*
Frederick E. Schmidt, Jr.
3WTC, 175 Greenwich Street
New York, NY 10007
Tel: (212) 883-4900
eschmidt@cozen.com

Peter J. Roberts (admitted *Pro Hac Vice*)
Christina M. Sanfelippo (admitted *Pro Hac Vice*)
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
Tel: (312) 382-3100
proberts@cozen.com
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession*