**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>560 SEVENTH AVENUE<br>OWNER PRIMARY LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 23-11289 (PB) |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (C) SCHEDULING A CONFIRMATION HEARING, (D) ESTABLISHING PROCEDURES FOR FILING CONFIRMATION OBJECTIONS, AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of 560 Seventh Avenue Owner Primary LLC (the "**Debtor**"), the above-captioned debtor and debtor in possession, by its attorneys, pursuant to sections 1125, 1126(b) and 1128(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking, *inter alia*, entry of an order (i) approving the Debtor's amended disclosure statement dated February 3, 2025 (the "**Disclosure Statement**") in connection with the Debtor's proposed second amended plan of reorganization dated February 3, 2025 (the "**Plan**"), (ii) establishing solicitation and voting procedures and deadlines, (iii) scheduling a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"), (iv) establishing deadlines and procedures for filing objections to confirmation of the Plan, and (v) approving the form and manner of notice of the Confirmation Hearing; and the Court being satisfied that the granting of relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and notice of the Motion having been given to the Office of the United States Trustee for the Southern District of New York ("**UST**"),

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or Plan, as applicable.

all parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules, and to all known creditors, and it appearing that no other or further notice need be given; a hearing to consider approval of the Disclosure Statement and the relief sought in the Motion having been held on February 4, 2025 (the "**Disclosure Statement Hearing**"); no objections to approval of the Disclosure Statement having been filed, or if filed having been overruled; and the Court having determined that adequate notice and opportunity having been given and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted and approved as set forth herein; and it is further

**ORDERED**, that the Disclosure Statement is approved pursuant to section 1125(a) of the Bankruptcy Code as containing adequate information; and it is further

**ORDERED**, that the scope of Kroll's approved retention in this case is hereby expanded, pursuant to 11 U.S.C. § 327(a), to include the duties of the Voting Agent as contemplated in the Motion, the Disclosure Statement, and the Plan; and it is further

**ORDERED,** that the Ballots attached as **Exhibit 1** hereto are approved as to form; and it is further

**ORDERED,** that the form of Notice of the Confirmation Hearing set forth on **Exhibit 2** is hereby approved; and it is further

**ORDERED,** that the form of Notice of Non-Voting Status set forth on **Exhibit 3** is hereby approved; and it is further

**ORDERED**, that this Court shall hold a Confirmation Hearing to consider confirmation of the Plan on **March 28, 2025 at 10:00 a.m.** (prevailing Eastern Time), at the United States Courthouse for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; and it is further

**ORDERED**, that all objections to confirmation of the Plan must be in writing and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York (including a copy for Chambers) and served upon (i) counsel for the Debtor, Cozen O'Connor, 3WTC, 175 Greenwich Street, New York, New York 10007, Attn: Frederick E. Schmidt, Jr. (eschmidt@cozen.com), Peter J. Roberts (proberts@cozen.com), and Christina Sanfelippo (csanfelippo@cozen.com); (ii) counsel for OWS CRE Funding I, LLC, Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn:  Gregory M. Petrick (Gegory.Petrick@cwt.com), Thomas J. Curtin (Thomas.Curtin@cwt.com), and Anthony L. Greene (Anthony.Greene@cwt.com); (iii)  the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 10004-108, Attn: Brian S. Masumoto; and (iv) all entities which have filed a notice of appearance and demand for service of documents in this Chapter 11 Case (the foregoing, collectively, the "Notice Parties"), in each case so as to be actually filed and received no later than **March 18, 2025 at 4:00 p.m.** (the "**Confirmation Objection Deadline**"); and it is further

**ORDERED**, that the Debtor shall file its brief in support of confirmation of the Plan on or before **March 24, 2025** (the "**Confirmation Brief Deadline**"); and it is further

**ORDERED**, that the Debtor shall mail or cause to be mailed by first class mail to the following parties, within five (5) Business Days of entry of this Order, an information and solicitation package containing a copy or conformed printed version of the following documents: (a) to all of the Debtor's creditors that are entitled to vote, (i) the Disclosure Statement (which includes among other exhibits, a copy of the Plan and this Order (without exhibits)); (ii) the notice of the Confirmation Hearing in the form annexed to hereto as **Exhibit 2** (the "**Confirmation Hearing Notice**") (the foregoing documents, the "**Solicitation Package**"); and (iii) a ballot, in

substantially the form of the proposed ballot (the "**Ballot**") annexed as **Exhibit 1** hereto for the relevant Class, together with a pre-addressed, postage prepaid return envelope; (b) to parties to executory contracts and unexpired leases that have not been assumed or rejected as of the Voting Record Date (as hereinafter defined), a Solicitation Package; (c) to creditors in Classes 1c and 2, Holders of Equity Interests in Class 4, and Holders of Administrative Claims and Priority Tax Claims that are unclassified under the Plan, (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status, annexed as **Exhibit 3** hereto; and (d) to all other parties included in the Debtor's Creditor matrix that do not fall within any of the categories described in subparagraphs "(a)" through "(c)" of this paragraph (which includes all other parties required to be served under Bankruptcy Rules 2002 and 3017), the Confirmation Hearing Notice; and it is further

**ORDERED**, that, for purposes of serving Solicitation Packages and other solicitation materials, the Voting Agent is authorized to rely on address information maintained by the Debtor and/or the applicable administrative agent(s), if any, provided to the Voting Agent as of the Voting Record Date. The Debtor is excused from distributing solicitation materials to those entities listed at addresses as to which such materials were returned as undeliverable, unless the Debtor is provided with accurate addresses for such entities prior to the Voting Record Date; and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017. Furthermore, the Debtor and Voting Agent shall not be required to conduct independent research to discover valid address information with respect to solicitation materials or bankruptcy notices returned as undeliverable such that the Voting Agent shall be authorized to rely on address information provided to it, as of

4

the Voting Record Date, by the Debtor or applicable administrative agent, as applicable, as to Holders in the Voting Classes and Non-Voting Classes alike; and it is further

**ORDERED**, that within five (5) Business Days of the date of entry of this Order pursuant to Bankruptcy Rules 2002 and 3020(b), the Debtor shall serve or cause to be served the Confirmation Hearing Notice on all parties in the Debtor's Creditor matrix, which includes, among others, all of the Debtor's known Creditors and equity security Holders, the District Director of Internal Revenue, and the United States Attorney. In addition, the Debtor will serve, or cause to be served, a Solicitation Package on the U.S. Trustee and all parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules; and it is further

**ORDERED**, that the Debtor is authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan and this Order (excluding exhibits)) to the Voting Classes in electronic format on a USB flash drive in lieu of paper format. The Confirmation Hearing Notice, Ballots (with return envelopes), and such other solicitation materials as the Court directs to be distributed to Holders of Claims in the Voting Classes shall be provided in paper format. Holders of Claims in the Voting Classes that receive solicitation materials in electronic format on a USB flash drive shall receive such materials in paper format, at the Debtor's expense, upon request to the Voting Agent; and it is further

**ORDERED**, that no further notice will be given to holders of claims against or equity interests in the Debtor or other interested parties of any adjournment of the Confirmation Hearing or extensions of the Confirmation Objection Deadline, except as announced in open court at the Confirmation Hearing or at any subsequent Confirmation Hearing; and it is further

**ORDERED**, that notwithstanding anything to the contrary in Bankruptcy Rules 3017(d) and 3018(a), February 3, 2025 (being the date that is one (1) day prior to the date upon which the

5

Court commences the hearing on the Motion) shall be the record date (the "**Voting Record Date**") for purposes of determining (i) the identity of Creditors and equity security Holders in the Voting Classes and Non-Voting Classes entitled to (a) receive Solicitation Packages or other documents related to the solicitation and, in the case of Holders of Claims in the Voting Classes (b) vote to accept or reject the Plan; (ii) the amount of each Holder's Claim for voting purposes; and (iii) whether Claims have been properly and timely assigned and transferred to an assignee pursuant to Bankruptcy Rule 3001(e), such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim or Interest; and it is further

**ORDERED**, that the procedures set forth in the Motion for (i) solicitation and tabulation of Plan votes, including the determination of Claim amounts for voting purposes, and (ii) distribution of solicitation materials to Holders of Claims and Interests in the Non-Voting Classes are approved; and it is further

**ORDERED**, that, in addition to receiving Ballots via regular mail, overnight courier, or hand delivery to the Voting Agent address set forth in the Ballots, the Voting Agent is authorized to accept Ballots submitted via electronic, online transmission, solely through a customized online submission portal accessible on the Debtor's case website to be maintained by the Voting Agent. Holders entitled to vote on the Plan may cast an electronic Ballot instantly by utilizing the online submission portal (which allows a Holder to submit an electronic signature). The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballots submitted in this manner and the Holder's electronic signature shall be deemed to be immediately legally valid and effective. Ballots may be submitted online at https://cases.ra.kroll.com/560SeventhAve per instructions provided in the Ballot and at the website landing page so as to be actually received by the Voting Agent no later than the Voting Deadline

(as defined below). Such online transmission shall be the only acceptable means of electronic Ballot submission. Ballots submitted by electronic mail or facsimile, or any other means of electronic submission shall not be accepted, absent a contrary determination in the Debtor's sole discretion. Any failure to follow the voting instructions included with the Ballot may invalidate a Plan vote; and it is further

**ORDERED**, that, with respect to Claims against the Debtor, if any, the registry of which is maintained by an administrative agent for the applicable credit facility, such agent shall provide the registry of such Claims, as of the Voting Record Date, in Microsoft Excel or similar format to the Voting Agent no later than one (1) Business Day after the Voting Record Date; and it is further

**ORDERED**, that to be counted, ballots for accepting or rejecting the Plan must be RECEIVED by Kroll Restructuring Administration LLC ("**Kroll**" or the "**Voting Agent**"), the Debtor's balloting agent, by **4:00 p.m., prevailing Eastern time, on March 7, 2025** (the "**Voting Deadline**"); and it is further

**ORDERED,** that the interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and/or the Debtor, unless otherwise directed by the Court, will be final and binding on all parties. Any defects or irregularities in connection with completion and delivery of Ballots must be cured within such time as the Debtor (or the Court) determines. Neither the Debtor nor the Voting Agent will be under any duty to provide notification of defects or irregularities with respect to completion or delivery of Ballots nor will any of them incur any liability for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured; and it is further

**ORDERED**, that the Debtor and the Voting Agent, without further order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, and, absent a contrary order of the Court, such determinations shall be final and binding; and it is further

**ORDERED**, that by no later than **March 12, 2025**, the Debtor or the Voting Agent shall file with the Court a Certification of Acceptance or Rejection of Plan pursuant to Local Rule 3018-1; and it is further

**ORDERED**, that service of all notices and documents described herein in the time and manner as set forth herein shall constitute due, adequate, and sufficient notice, and no other or further notice shall be necessary; and it is further

**ORDERED**, that the Debtor is hereby authorized to make non-material and conforming changes (including, but not limited to correcting typographical errors, altering formatting and inserting missing or changed dates) to the Plan, the Disclosure Statement, the Ballots and related solicitation documents and notices prior to solicitation; and it is further

**ORDERED**, that the Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

Dated:   New York, New York
         February 5, 2025

                                            /s/ Philip Bentley
                                            **Hon. Philip Bentley**
                                            **United States Bankruptcy Judge**