| | |
|---|---|
| | Hearing Date and Time:  March 28, 2025, at 10:00 a.m. (ET) |
| | Objection Deadline:       March 18, 2025 |

**GREENBERG TRAURIG, LLP**
**David B. Kurzweil** (admitted *pro hac vice*)
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA  30305
Telephone: (678) 553-2100
Email:  kurzweild@gtlaw.com

-and-

T. Charlie Liu
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Email:  charlie.liu@gtlaw.com

*Counsel for Margaritaville Enterprises, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| 560 Seventh Avenue Owner Primary LLC, | Case No.  23-11289-PB |
| Debtor. | |

------------------------------------------------------

### LIMITED OBJECTION OF MARGARITAVILLE ENTERPRISES, LLC TO SECOND AMENDED CHAPTER 11 PLAN OF 560 SEVENTH AVENUE OWNER PRIMARY LLC

Margaritaville Enterprises, LLC ("Margaritaville"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* [ECF No. 217] (the "Plan") filed by debtor 560 Seventh Avenue Owner Primary LLC (the "Debtor").  In support of this Limited Objection, Margaritaville respectfully states as follows:[1]

---

[1] Capitalized terms not otherwise defined in this Limited Objection shall have the meaning ascribed to them in the Plan.

## PRELIMINARY STATEMENT

1. Section 1129(a)(11) of the Bankruptcy Code requires the Debtor to propose a feasible plan that is workable and stand a reasonable likelihood of success. The Plan, as proposed, provides for the Debtor's reorganization through the continued operation of its hotel as "Margaritaville Resort Times Square". However, there is no assurance that the Debtor would have the right to operate under the Margaritaville banner post-emergence because the Plan contemplates the rejection of the existing Sub-License Agreement as of the Effective Date and replacing it with a new franchise agreement, that, as of the date hereof, has not yet been submitted for approval by the Court.

2. Margaritaville views the Debtor as a valued partner and has exercised patience in continuing to work with the Debtor notwithstanding significant payment arrears for both pre-and post-petition obligations under the Sub-License Agreement. But Margaritaville's lenience does not equate to its acceptance of the risks presented by the Plan, specifically the lack of certainty that a new franchise agreement will be in place on the Effective Date. Under no circumstances will Margaritaville allow the Hotel to operate under the Margaritaville banner without an agreement in place. Similarly, Margaritaville expects payment in full in cash of the Debtor's accrued and unpaid post-petition obligations under the Sub-License Agreement, the payment of which is uncertain under the Plan. Margaritaville therefore files this Limited Objection to protect and preserve all of its rights under the Sub-License Agreement and as the owner of the Margaritaville brand.

## BACKGROUND

3. On August 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2

4. The Debtor is the owner and operator of that certain real property located at 560 7th Avenue, New York, which is improved with a hotel known as the "Margaritaville Resort Times Square" (the "Hotel"). *See Declaration Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Motions* [ECF No. 1] (the "First Day Declaration") ¶ 1. The Hotel is subject to a senior secured mortgage held by OWS CRE Funding I, LLC ("OWS"), the Debtor's senior secured creditor. Since the Petition Date, Debtor has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The Hotel is licensed by Margaritaville, First Day Decl. ¶ 3, and has been operating under the Margaritaville banner pursuant to a Trademark Sub-License Agreement dated as of March 21, 2018, as amended by a First Amendment to Trademark Sub-License Agreement, dated March 30, 2018, which was assigned to the Debtor pursuant to an Assignment and Assumption of Trademark Sub-License Agreement, dated February 20, 2019, and further amended by an Amendment to the Trademark Sub-License Agreement, dated February 21, 2019 (collectively, the "Sub-License Agreement"). Despite the issues that led the Debtor into filing for relief under Chapter 11, the Debtor acknowledges that the Margaritaville brand has performed well financially and achieved outstanding customer satisfaction ratings. *See Amended Disclosure Statement with Respect to Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* [ECF No. 218-1] (the "Disclosure Statement") ¶ 3. Since the Petition Date and through March 1, 2025, the Debtor has accrued not less than $859,844.74 in unpaid post-petition obligations under the Sub-License Agreement, which unpaid balance continues to accrue each day (the "Margaritaville Admin Expense").

6. On February 3, 2025, Debtor filed the Plan and the Disclosure Statement. According to the Disclosure Statement, the Plan provides for payment in full of all Administrative

3

Expense Claims and $1 million in cash payable to Holders of General Unsecured Claims who vote to accept the Plan. Disclosure Statement at 4. However, it is unclear whether the Debtor can afford to pay all Administrative Expense Claims, including the Margaritaville Admin Expense, in full.

7. Pursuant to the Plan, the Debtor intends to reject the Sub-License Agreement, which rejection shall take effect on the Effective Date, and enter into a new franchise agreement with Margaritaville, subject to Court approval. *See* Plan Art. V. § E; Disclosure Statement at 44. The Debtor would seek approval of the new franchise agreement by motion before the Confirmation Date. *Id*. In connection with the rejection of the Sub-License Agreement, the Plan would provide Margaritaville with an allowed Class 3 General Unsecured Claim in the amount of $1,847,690.00. *Id*.

8. As a condition to Confirmation of the Plan and the Effective Date, all conditions contained in the OWS Term Sheet, which includes OWS's approval of the terms and economics of the new franchise agreement, must be satisfied or waived by OWS, thereby giving OWS consent right over the arrangement between the Debtor and Margaritaville. *See* Plan Art. VIII §§ A, B.

9. On February 5, 2025, the Court entered the *Order (A) Approving the Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling a Confirmation Hearing, (D) Establishing Procedures for Filing Confirmation Objections, and (E) Granting Related Relief* [ECF No. 220] approving, *inter alia*, the Disclosure Statement for solicitation and scheduling the Confirmation Hearing for March 28, 2025.

10. On March 12, 2025, the Debtor filed the *Declaration of Stanislav Kesler of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* [ECF

4

No. 231] (the "Kroll Declaration") disclosing the tabulation of votes received from Holders entitled to vote on the Plan by the March 7, 2025 voting deadline.[2] Because the Debtor agreed to extend Margaritaville's voting deadline, the tabulation of ballots contained in the Kroll Declaration does not include Margaritaville's ballot on account of its general unsecured claim.

11. As of the date hereof—and less than two weeks from the Confirmation Hearing—the Debtor has not yet filed a motion seeking this Court's approval of the new franchise agreement. Margaritaville therefore files this Limited Objection as a protective measure in the event that the arrangement between the Debtor and Margaritaville as contemplated under the Plan does not come to fruition.

## LIMITED OBJECTION

12. Section 1129(a)(11) requires, in order for a plan to be confirmable, that:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

11 U.S.C. § 1129(a)(11). The Court has an affirmative obligation to scrutinize the plan and determine whether it is feasible. *See In re Johns-Manville Bros.*, 68 B.R. 618, 635 (Bankr. S.D.N.Y. 1986), *aff'd*, 78 B.R. 407 (S.D.N.Y. 1987), *aff'd sub nom, Kaneve v. Johns-Manville Corp.*, 843 F.2d 636 (2d Cir. 1988). The proponent of the plan bears the burden to prove that the plan is feasible. *In re Quigley Co.*, 437, B.R. 102, 125 (Bankr. S.D.N.Y. 2010).

13. A plan is feasible when it is workable and has a reasonable likelihood of success. *In re Young Broad., Inc.*, 430 B.R. 99, 128 (Bankr. S.D.N.Y. 2010) (citing *In re WorldCom, Inc.*, No. 02-13533, 2003 Bankr. LEXIS 1401, at *168 (Bankr. S.D.N.Y. 2003)); *see also In re The*

---

[2] The Debtor agreed to extend the voting deadline for Margaritaville to and including March 18, 2025 at 4:00 p.m. (prevailing Eastern Time). *See* Kroll Decl. ¶ 7, Fn. 2. In connection with this Limited Objection, Margaritaville plans to vote to reject the Plan on account of its $1,847,690 General Unsecured Claim but reserves the right to alter its vote prior to or at the Confirmation Hearing.

5

*Leslie Fay Cos.*, 207 B.R. 764, 788 (Bankr. S.D.N.Y. 1997); *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 421-22 (Bankr. S.D.N.Y. 2003); *Johns-Manville*, 843 F.2d at 649; *In re Woodmere Investors, L.P.*, 178 B.R. 346, 361 (Bankr. S.D.N.Y. 1995). A plan based on impractical or visionary expectations cannot be confirmed. *In re Prudential Energy Co.*, 58 B.R. 857 (Bankr. S.D.N.Y. 1986).

14. In assessing the feasibility of a proposed plan, courts have identified the following probative factors: (i) the adequacy of the capital structure; (ii) the earning power of the business; (iii) economic conditions; (iv) the ability of management; (v) the probability of the continuation of the same management; and (vi) any other related matters which will determine the prospects of a sufficiently successful operation to enable performance of the provisions of the plan. *Young Broad.*, 430 B.R. at 129. The foregoing factors are neither exhaustive nor exclusive as the analysis is fact intensive and merits a case-by-case analysis. *Id.* (citing *In re Eddington Thread Mfg. Co.*, 181 B.R. 826, 833 (Bankr. E.D. Pa. 1995).

15. Here, the Debtor's entire business is predicated on the Hotel operating under the Margaritaville banner. Accordingly, if the Sub-License Agreement was rejected by the Debtor on the Effective Date without a new franchise agreement in place, then the Debtor would have no business to operate or, at a minimum, have significantly less earning power—thus rendering the Plan unfeasible. Indeed, neither the Plan nor the Disclosure Statement provide for any contingencies if there is no new franchise agreement between the Debtor and Margaritaville after the Effective Date. Nor does the Debtor's financial projection provide for an alternative scenario where the Hotel is operating under a banner other than Margaritaville (and even if there was one, rebranding the Hotel would be prohibitively expensive and impractical). *See* Disclosure

Statement, Ex. D.  Put simply, for the Plan to be feasible, it is both critical and necessary[3] for the Debtor to have a new franchise agreement with Margaritaville in place by the Effective Date to ensure that the Hotel can continue to operate under the Margaritaville banner.

16.    Moreover, without a viable go-forward business, it is unclear whether all Administrative Expense Claims will be paid in full.  Since the Petition Date, the Debtor owes Margaritaville not less than $859,844.74 in Margaritaville Admin Expense, which unpaid balance continues to grow with each passing day.  Absent full payment of all Administrative Expense Claims, including the Margaritaville Admin Expense on the Effective Date, the Plan is unconfirmable under section 1129(a) of the Bankruptcy Code.

17.    Margaritaville values its partnership with the Debtor and has refrained from exercising remedies under the Sub-License Agreement.  It has also acted in good faith negotiating a new franchise agreement with the Debtor.  However, Margaritaville needs assurance from the Debtor that the Plan, as proposed, is feasible such that the Hotel shall continue to operate under the Margaritaville banner through and after the Effective Date, and that the Margaritaville Admin Expense will be paid in full in cash on the Effective Date.  Therefore, Margaritaville files this Limited Objection out of an abundance of caution and as a protective measure in the event that a new franchise agreement is not in place on the Effective Date, after the rejection of the Sub-License Agreement.

## RESERVATION OF RIGHTS

18.    Margaritaville reserves and preserves all rights to amend or supplement this Limited Objection in all respects, and to raise additional objections with respect to the Plan, the

---

[3] Both Confirmation of the Plan and the Effective Date are dependent and conditioned upon the resolution of all outstanding matters between the Debtor and Margaritaville, including the terms of the new franchise agreement *vis-à-vis* the conditions to closing under the OWS Term Sheet.  *See* Plan Art. VIII. §§ A, B.

treatment of the Sub-License Agreement thereunder, as well as any and all of its rights as the owner of the Margaritaville brand.

## CONCLUSION

19. For the reasons stated above, Margaritaville respectfully request that the Court (i) deny confirmation of the Plan unless the Debtor secures approval of a new franchise agreement with Margaritaville prior to the Effective Date, and (ii) grant such other relief as the Court deems just and appropriate.

Dated: March 18, 2025  **GREENBERG TRAURIG, LLP**

*/s/ T. Charlie Liu*
David B. Kurzweil (admitted *pro hac vice*)
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA  30305
Telephone: (678) 553-2100
Email:  kurzweild@gtlaw.com

-and-

T. Charlie Liu
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Email:  charlie.liu@gtlaw.com

*Counsel for Margaritaville Enterprises, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Limited Objection of Margaritaville Enterprises, LLC to Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC for Service of* has been served upon the parties listed on the Court's CM/ECF transmission list in these cases via CM/ECF on March 18, 2025.

Also on March 18, 2025, I caused hard copies of the foregoing pleading to be mailed by overnight mail to the following parties:

Cozen O'Connor
3WTC, 175 Greenwich Street
New York, New York 10007,
Attn: Frederick E. Schmidt, Jr., Peter J. Roberts, and Christina Sanfelippo

Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281,
Attn: Gregory M. Petrick, Thomas J. Curtin, and Anthony L. Greene

BRIAN S. MASUMOTO, ESQ.
Department Of Justice-United States Trustee
Alexander Hamilton Custom House
One Bowling Green
Room 534
New York, NY 10004-1408

Honorable Philip Bentley
United States Bankruptcy Judge for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

                                                   */s/ Charlie Liu*
                                                   T. Charlie Liu