**COZEN O'CONNOR**
Frederick E. Schmidt, Jr.
3WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 883-4948
eschmidt@cozen.com

Christina M. Sanfelippo
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
(312) 382-3100
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession*

**Hearing Date: March 28, 2025**
**at 10:00 a.m.**

**Objection Deadline:  March 28, 2025**
**at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re                                                   Chapter 11

560 Seventh Avenue Owner Primary LLC,                   Case No. 23-11289-PB

            Debtor.

---------------------------------------------------------x

### NOTICE OF MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), SEEKING ENTRY OF AN ORDER APPROVING FRANCHISE AGREEMENT BETWEEN THE DEBTOR AND MARGARITAVILLE HOTELS & RESORTS, LLC

 **PLEASE TAKE NOTICE** that on March 26, 2025, 560 Seventh Avenue Owner Primary LLC (the "Debtor"), by and through its undersigned counsel, filed the *Motion, Pursuant to 11 U.S.C. §§ 105(a) and 363(b), Seeking Entry of an Order Approving a Franchise Agreement Between the Debtor and Margaritaville Hotels & Resorts, LLC* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

 **PLEASE TAKE FURTHER NOTICE** that the Debtor has requested that a hearing to consider the Motion (the "Hearing") be scheduled before the Honorable Philip Bentley at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on **March 28, 2025 at 10:00 a.m. ET,** or as soon thereafter as counsel can be heard.

 **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted using Zoom for Government.    Any party that wishes to attend by Zoom must register their appearance by using the Electronic Appearance portal located on the Court's website at http://www.nysb.uscourts.gov/ecourtappearances. Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) on March 27, 2025, the business day before the hearing (the "Appearance Deadline"). Following the Appearance Deadline, the Court will circulate by email

the Hearing's Zoom link to those parties who have made an electronic appearance. Additional information regarding the Court's Zoom and hearing procedures can be found on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion must be filed electronically or with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, One Bowling Green, New York, New York 10004, and served upon the undersigned so as to be received on or before **10:00 a.m. ET on March 28, 2025**. The Bankruptcy Court will entertain any responses at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served as provided above, the Bankruptcy Court may grant the relief requested in the Motion without further notice or hearing.

Dated:  New York, New York  
       March 26, 2025

COZEN O'CONNOR

By: */s/ Frederick E. Schmidt, Jr.*  
Frederick E. Schmidt, Jr.  
3WTC, 175 Greenwich Street  
New York, NY 10007  
Tel: (212) 883-4900  
eschmidt@cozen.com

Christina M. Sanfelippo (admitted *Pro Hac Vice*)  
123 N Wacker Drive, Ste. 1800  
Chicago, Illinois 60606  
Tel: (312) 382-3100  
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner*  
*Primary LLC, Debtor and Debtor in Possession*

**COZEN O'CONNOR**
Frederick E. Schmidt, Jr.
3WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 883-4948
eschmidt@cozen.com

Christina M. Sanfelippo
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
(312) 382-3100
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner Primary*
*LLC, Debtor and Debtor in Possession*

**Hearing Date:  March 28, 2025**
**at 10:00 a.m.**

**Objection Deadline:  March 28, 2025**
**at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

In re

560 Seventh Avenue Owner Primary LLC,

          Debtor.

---------------------------------------------------------x

Chapter 11

Case No. 23-11289-PB

**MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), SEEKING ENTRY
OF AN ORDER APPROVING FRANCHISE AGREEMENT BETWEEN THE
DEBTOR AND MARGARITAVILLE HOTELS & RESORTS, LLC**

     560 Seventh Avenue Owner Primary LLC ("Primary" or the "Debtor"), by and through its undersigned proposed counsel, as and for its motion (the "Motion") seeking entry of an order approving and authorizing its entry into a Franchise Agreement (hereafter defined) with Margaritaville Hotels & Resorts, LLC ("Margaritaville") pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents as follows:

**PRELIMINARY STATEMENT**

     This Motion seeks Court approval of a replacement agreement with Margaritaville, which, in exchange for the payments to be made thereunder, will allow the Debtor to continue to utilize Margaritaville's intellectual property and operate the Debtor's Hotel (hereafter defined) under the

Margaritaville banner following the confirmation and effective date of the Debtor's recently filed Plan (hereafter defined) (the "Effective Date")[1]. The Debtor's existing agreements with Margaritaville are to be rejected under the Plan and its relationship with Margaritaville will be governed by the new Franchise Agreement. Approval of the Franchise Agreement will therefore facilitate the anticipated confirmation of the Plan.

The Franchise Agreement is subject to Court approval and will not become effective until the conditions precedent thereunder are satisfied and the Plan becomes effective. The Debtor negotiated the Franchise Agreement at arms-length and the Debtor's proposed entry into the Franchise Agreement is within the sound exercise of the Debtor's business judgment. The Debtor therefore respectfully submits that the Motion should be approved and requests that the Court enter an order substantially in the form annexed hereto as Exhibit A.

## JURISDICTION, CORE NATURE AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This Motion is a core matter pursuant to 28 U.S.C. § 157(b).

2.      The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Which Effective Date shall also be the effective date of the new Franchise Agreement and the effective date of rejection of the Sub-License Agreement.

**BACKGROUND**

4.      On August 12, 2023 (the "Petition Date"), Primary filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.  Primary has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5.      No trustee, examiner, or statutory committee of creditors has been appointed in Primary's chapter 11 case (the "Chapter 11 Case").

6.      Primary is the owner of that certain real property located at 560 7th Avenue, New York, NY 10018, which is improved with a hotel comprised of 234 guestrooms and other hotel amenities presently known as the "Margaritaville Resort Times Square" (the "Hotel").

7.      The Debtor currently operates the Hotel under the Margaritaville banner pursuant to a Trademark Sub-License Agreement dated as of March 21, 2018, as amended by a First Amendment to Trademark Sub-License Agreement, dated March 30, 2018 which was assigned to the Debtor pursuant to an Assignment and Assumption of Trademark Sub-License Agreement, dated February 20, 2019, and further amended by an Amendment to the Trademark Sub-License Agreement, dated February 21, 2019 (collectively, the "Sub-License Agreement").

8.      Since the execution of the Sub-License Agreement, Margaritaville has transitioned from a license to a franchise system for its hotels and resorts.  This transition will allow the  post-confirmation reorganized Debtor (the "Reorganized Debtor") to benefit from substantially more support from the brand under the new agreement, particularly by virtue of its integration with Margaritaville's various technology systems, including, but not limited to, its content management system, property management system, point of sale system, customer relationship management system, employee performance platform, enterprise reporting platform, website marketing technology, electronic door lock systems, lighting control system, RFID chipped wristbands, payment gateway and gift card program.  Furthermore, with respect to fees, the Reorganized

5

Debtor will no longer be required under the Franchise Agreement to guarantee payment of a $500,000 minimum royalty/license fee to Margaritaville as was required under the Sub-License Agreement. Finally, to the extent that Margaritaville's performance is subpar, the Franchise Agreement provides more grounds than the Sub-License Agreement for a finding of default by Margaritaville (and corresponding right by the Reorganized Debtor to terminate the Franchise Agreement), including, without limitation, a finding of default if Margaritaville (i) on 5 or more separate occasions within a period of 12 consecutive months or (ii) on 3 or more separate occasions within a period of 6 consecutive months fails to comply with any of its obligations thereunder.

9.      In exchange for, among other things, the more favorable contract terms for the Reorganized Debtor described in ¶8 directly above, the Debtor and Reorganized Debtor, as applicable and as conditions precedent to Margaritaville's entry into the Franchise Agreement, shall pay to Margaritaville (i) all amounts owing under the Sub-License Agreement (and otherwise owing) from the Petition Date through the Effective Date, which shall constitute allowed administrative expenses under 11 U.S.C. § 503(b) and as of March 25, 2025, is $893,636.49 and will continue to accrue and increase in accordance with the Sub-License Agreement until the Effective Date (the "Post-Petition Balance"), and (i) $320,000.00, as described therein. The full amount of the Post-Petition Balance shall be paid in full by the Debtor and the Reorganized Debtor, as applicable, by no later than the Effective Date.

10.     On or about February 3, 2025, the Debtor filed the *Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* (as may hereafter be amended, modified or revised, the "Plan").[2] A hearing to consider confirmation of the Plan is currently scheduled for March 28, 2025.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

11.     The Plan is premised upon resolutions which the Debtor reached with approximately 95% of its creditors based on dollar amount.  One of the creditors with which the Debtor reached a resolution is Margaritaville.  That resolution is reflected both in the treatment of Margaritaville's claims under the Plan and in the Franchise Agreement for which the Debtor now seeks approval.

12.     Article V.E of the Plan provides for the rejection of the Sub-License Agreement by the Debtor and that "the Debtor and Margaritaville intend to enter into a new franchise agreement for which Court approval will be sought by separate motion prior to the Confirmation Date."

13.     Because the Franchise Agreement by its terms will not become effective until the Effective Date, it will not impact the vast majority of the Debtor's creditors.  Aside from the Debtor's senior secured creditor, OWS BCA Funding, LLC ("OWS"), and Flintlock Construction Services, LLC ("Flintlock"), all distributions by the Debtor to classified creditors with allowed claims will be made on or about the Effective Date.[3]

14.     The Plan contains a condition that "[a]ny outstanding matters with the Franchise to be resolved [must] be resolved prior to closing to Lender's satisfaction, including updated economics and term of agreement."[4]  That condition is both a condition precedent to confirmation of the Plan, and also a condition precedent to the Effective Date.[5]  The Franchise Agreement, as a resolution of outstanding matters with Margaritaville, must therefore be approved before the Plan can become effective.

---

[3]  Later distributions on account of Flintlock's claim will only occur if Flintlock votes in favor of the Plan.  If it votes to reject the Plan, Flintlock's claim will automatically become a Class 1c claim, subject to all of the Debtor's defenses. Allowed Class 1c claims are to be paid in full on the Effective Date.

[4]  Plan Exhibit A, pg 4.

[5]  *See* Article VIII.A and B of the Plan.

**RELIEF REQUESTED**

15.     By this Motion, Primary respectfully requests the Court to enter an order approving the Franchise Agreement, substantially in the form annexed hereto as <u>Exhibit B</u> (the "<u>Franchise Agreement</u>").

**BASIS FOR RELIEF REQUESTED**

16.     The Debtor seeks approval of the Franchise Agreement pursuant to sections 105 and 363 of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides in relevant part that the Debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Further, pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  Although the entry of the Debtor into the Franchise Agreement may arguably be within the ordinary course of its business, out of an abundance of caution, and because the effectiveness of the Franchise Agreement is expressly conditioned on Court approval, the Debtor hereby seeks approval of the Franchise Agreement.

17.     If a debtor articulates a reasonable basis for its proposed business decision to use its assets pursuant to section 363(b) of the Bankruptcy Code, such proposed use should be approved by the court.  *See, e.g.*, *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.").

18.     The Debtor's decision to enter into the Franchise Agreement, and make the payments required thereunder, is within the sound exercise of its business judgment.  The Debtor's primary business activity is operating a hotel on its premises, and it requires a flag under which to

8

operate that business.  The Debtor's entry into the Franchise Agreement will permit it to continue to operate under the Margaritaville banner following its emergence from chapter 11.  The Debtor's reaching an agreement with Margaritaville is required under the Debtor's resolution with OWS and a condition to the occurrence of the Effective Date.  Approval of the Franchise Agreement will therefore facilitate confirmation of the Plan and the occurrence of the Effective Date.

19.     Based on the foregoing, the Debtor respectfully submits that approval of the Franchise Agreement is appropriate and in the best interest of the Debtor's estate, its creditors, and other parties in interest, and should be approved in this chapter 11 case.

## **NOTICE**

20.     The Debtor has provided notice of this Motion to: (1) the Office of the United States Trustee for the Southern District of New York; (2) counsel to Margaritaville; and (3) all parties entitled to receive such notice under Bankruptcy Rule 2002.  The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

21.     No prior request for the relief requested herein has been made to this or any other court.

LEGAL\76462473\2

WHEREFORE, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  New York, New York
        March 26, 2025

COZEN O'CONNOR

By: */s/ Frederick E. Schmidt, Jr.*
Frederick E. Schmidt, Jr.
*Attorneys for*
*560 Seventh Avenue Owner Primary LLC,*
*Debtor and Debtor in Possession*
3WTC, 175 Greenwich Street
New York, NY  10007
(212) 883-4900
(646) 588-1552 (fax)
eschmidt@cozen.com