| | |
|---|---|
| **COZEN O'CONNOR**<br>Frederick E. Schmidt, Jr.<br>3WTC, 175 Greenwich Street, 55th Floor<br>New York, New York 10007<br>(212) 883-4948<br>eschmidt@cozen.com<br><br>Christina M. Sanfelippo<br>123 N Wacker Drive, Ste. 1800<br>Chicago, Illinois 60606<br>(312) 382-3100<br>csanfelippo@cozen.com<br><br>*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession* | Hearing Date: March 28, 2025<br>at 10:00 a.m.<br><br>Objection Deadline: March 28, 2025<br>at 10:00 a.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 560 Seventh Avenue Owner Primary LLC, | Case No. 23-11289-PB |
| Debtor. | |

---------------------------------------------------------x

**AGREED MOTION, PURSUANT TO FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 3018(a), TO CHANGE THE VOTES**
**OF MARGARITAVILLE ENTERPRISES, LLC AND**
**U.S. SPECIALTY INSURANCE COMPANY**

560 Seventh Avenue Owner Primary LLC (the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby files this agreed motion (the "Agreed Motion") for the entry of an order, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), granting creditors Margaritaville Enterprises, LLC ("Margaritaville") and U.S. Specialty Insurance Company ("USSIC" and together with Margaritaville, the "Creditors") leave to change their votes to accept the Debtor's Plan (term defined herein). In support of this Agreed Motion, the Debtor respectfully states as follows:

LEGAL\76548553\1

**JURISDICTION, CORE NATURE AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This Motion is a core matter pursuant to 28 U.S.C. § 157(b).

2. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Agreed Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicate for the relief requested herein is Bankruptcy Rule 3018(a).

**BACKGROUND**

5. On August 12, 2023 (the "Petition Date"), Primary filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. Primary has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. No trustee, examiner, or statutory committee of creditors has been appointed in Primary's chapter 11 case (the "Chapter 11 Case").

7. Primary is the owner of that certain real property located at 560 7th Avenue, New York, NY 10018, which is improved with a hotel comprised of 234 guestrooms and other hotel amenities presently known as the "Margaritaville Resort Times Square" (the "Hotel").

8. On or about February 3, 2025, the Debtor filed the *Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* (as may hereafter be amended, modified or

4

revised, the "Plan").[1]  A hearing to consider confirmation of the Plan is currently scheduled for March 28, 2025.

9. Only USSIC and Margaritaville, each holders of Claims in Class 3, voted to reject the Plan. All other creditors who submitted ballots voted in favor of the Plan. Thus, to the extent the Court permits USSIC and Margaritaville to change their votes, 100% of the creditors who submitted ballots will have voted in favor of the Plan.

10. On March 18, 2025, Margaritaville Enterprises, LLC ("Margaritaville") filed the *Limited Objection of Margaritaville Enterprises, LLC to Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* [ECF # 232] (the "Margaritaville Limited Objection"). Margaritaville filed the Margaritaville Limited Objection because the new franchise agreement contemplated under the Plan had not been finalized between the parties or approved by OWS CRE Funding I, LLC ("OWS") prior to the March 18, 2025 confirmation objection deadline.

11. In footnote 2 to the Margaritaville Limited Objection, Margaritaville stated that it "plans to vote to reject the Plan on account of its $1,847,690 General Unsecured Claim *but reserves the right to alter its vote prior to or at the Confirmation Hearing*." See Margaritaville Limited Objection at n.2 (emphasis added).

12. On March 26, 2025, the Debtor filed the *Motion, Pursuant To 11 U.S.C. §§ 105(a) And 363(b), Seeking Entry Of An Order Approving Franchise Agreement Between The Debtor And Margaritaville Hotels & Resorts, LLC* [Doc No. 240] (the "Franchise Agreement Motion"), seeking approval of and authority to enter into the new Franchise Agreement with Margaritaville Hotels & Resorts, LLC.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

LEGAL\76548553\1

13. Margaritaville has advised the Debtor that, subject to the entry of an order approving the Franchise Agreement Motion, the Margaritaville Limited Objection will be fully resolved and Margaritaville will change its vote to accept the Plan.

14. With respect to USSIC, USSIC submitted proof of claim number 17 on or about March 14, 2024, (the "USSIC Claim"), asserting a general unsecured claim in the amount of $615,959.60. In accordance with the Disclosure Statement Order, the Debtor adjusted the amount in which the USSIC vote was allowed for voting purposes to the non-contingent and liquidated amount of $27,338.25. USSIC did not object to the Debtor's adjustment of the voting amount allowed for its claim nor did it object to confirmation of the Plan.

15. On March 24, 2025, the Debtor filed the *Debtor's Memorandum of Law (i) in Support of Confirmation of the Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC Under Chapter 11 of the Bankruptcy Code and (ii) in Response to Objections Thereto* [ECF # 236] (the "Confirmation Brief").

16. On March 25, 2025, USSIC advised the Debtor that, based on its review of the Confirmation Brief, which further informed and advised USSIC regarding the terms of the Plan, it too desired to change its vote to one accepting the Plan. USSIC's desire to change its vote was not solicited by the Debtor. Further, USSIC did not demand anything in return for its offer to change its vote to an acceptance, and the Debtor did not offer or agree to provide any special treatment to USSIC.

**RELIEF REQUESTED**

17. By this Motion, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, permitting Margaritaville and USSIC to change their votes to accept the Plan pursuant to Bankruptcy Rule 3018(a).

6

**BASIS FOR RELIEF REQUESTED**

18.     Creditors are entitled to amend their votes and submit subsequent, superseding ballots for cause. Bankruptcy Rule 3018(a) provides, in relevant part that "[f]or cause shown, the court after notice and hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection." Fed. R. Bankr. P. 3018(a).

19.     Neither the Bankruptcy Rules nor the Bankruptcy Code define "cause," and it is "left up to the court to determine in the exercise of its discretion." *See In re MPM Silicones, LLC*, 2014 WL 4637175, at *1-2 (Bankr. S.D.N.Y. Sept. 17, 2014). In analyzing Bankruptcy Rule 3018(a), the "for cause" standard should not be hard to meet. *See In re Imerys Talc Am., Inc.*, 2021 WL 4786093, at *7 (Bankr. D. Del. Oct. 13, 2021). "As long as the reason for the vote change is not tainted, the change of vote should usually be permitted." *Id*. Courts have found "cause" when there is a misreading of the plan terms. *Id*. Courts have also found "cause" where plan proponents support the vote change in furtherance of a consensual resolution, unless there is some extra consideration being offered for the vote change. *In re MPM Silicones, LLC*, 2014 WL 4637175, at *3.

20.     Here, the facts surrounding the Creditors' proposed vote changes weigh heavily in favor of granting the Agreed Motion. Margaritaville originally voted to reject on the Plan only because the new Franchise Agreement had not yet been finalized or approved. Margaritaville also expressly reserved its right to alter its vote prior to or at the Confirmation Hearing, upon the Court's approval of the Franchise Agreement. *See* Margaritaville Limited Objection at n.2 (emphasis added). With respect to USSIC, there was no *quid pro quo* demanded by USSIC, nor offered by the Debtor. USSIC's change of heart was solely the result of its review of the Confirmation Brief, further informing it regarding its understanding of the Plan.

21. Based on the foregoing, the Debtor respectfully submits that cause exists to allow the Creditors to change their votes on the Plan pursuant to Bankruptcy Rule 3018(a).

## NOTICE

22. The Debtor has provided notice of this Motion to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to Margaritaville; (iii) counsel to USSIC; and (iv) all parties entitled to receive such notice under Bankruptcy Rule 2002. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23. No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
       March 27, 2025

COZEN O'CONNOR

By: /s/ Frederick E. Schmidt, Jr.
Frederick E. Schmidt, Jr.
*Attorneys for*
*560 Seventh Avenue Owner Primary LLC,*
*Debtor and Debtor in Possession*
3WTC, 175 Greenwich Street
New York, NY  10007
(212) 883-4900
(646) 588-1552 (fax)
eschmidt@cozen.com

8