**COZEN O'CONNOR**
Frederick E. Schmidt, Jr.
3WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 883-4948
eschmidt@cozen.com

Christina M. Sanfelippo
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
(312) 382-3100
csanfelippo@cozen.com

*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 560 Seventh Avenue Owner Primary LLC, | Case No. 23-11289-PB |
| Debtor. | |

-----------------------------------------------------------x

**DEBTOR'S MOTION PURSUANT TO L.B.R. 9006-1
TO SCHEDULE A HEARING ON SHORTENED NOTICE FOR THE AGREED
MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
3018(A), TO CHANGE THE VOTES OF MARGARITAVILLE ENTERPRISES, LLC
AND U.S. SPECIALTY INSURANCE COMPANY**

560 Seventh Avenue Owner Primary LLC ("Primary" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby moves (the "Scheduling Motion") for the entry of an order pursuant to Local Bankruptcy Rule 9006-1, scheduling a hearing on shortened notice to consider the Debtor's *Agreed Motion, Pursuant To Federal Rule Of Bankruptcy Procedure 3018(a), To Change The Votes Of Margaritaville Enterprises, LLC And U.S. Specialty Insurance Company* (the

"Voting Motion")[1], filed contemporaneously herewith. In support of this Scheduling Motion, the Debtor respectfully states as follows:

## JURISDICTION, CORE NATURE AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This matter is a core matter pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On August 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The Debtor continues to operate its business and manage its assets as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner, or statutory committee of creditors has been appointed in the Debtor's Chapter 11 Case.

5. On or about February 3, 2025, the Debtor filed the *Second Amended Chapter 11 Plan of 560 Seventh Avenue Owner Primary LLC* (as may hereafter be amended, modified or revised, the "Plan"). A hearing to consider confirmation of the Plan is currently scheduled for March 28, 2025.

6. The Debtor is the owner of real property located at 560 7th Avenue, New York, NY 10018, which is improved with a hotel comprised of 234 guestrooms and other hotel amenities presently known as the "Margaritaville Resort Times Square" (the "Hotel").

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Voting Motion.

4

LEGAL\76551735\1

7. Contemporaneously herewith, the Debtor has filed its Voting Motion, pursuant to which the Debtor seeks the entry of an order permitting Margaritaville Enterprises, LLC ("Margaritaville") and U.S. Specialty Insurance Company ("USSIC" and together with Margaritaville, the "Creditors") to change their votes to accept the Plan pursuant to Bankruptcy Rule 3018(a).

8. As more fully set forth in the Voting Motion, both Creditors have advised the Debtor that they intend to change their votes to accept the Plan. More specifically, Margaritaville has advised the Debtor that, subject to the entry of an order approving the Franchise Agreement Motion, the Margaritaville Limited Objection will be fully resolved and Margaritaville will change its vote to accept the Plan. Further, USSIC advised the Debtor that, based on its review of the Confirmation Brief, which further informed and advised USSIC regarding the terms of the Plan, it too desired to change its vote to one accepting the Plan.

## RELIEF REQUESTED

9. By this Scheduling Motion, the Debtor seeks the entry of an order, substantially in the form attached hereto, (i) setting a hearing on the Voting Motion for March 28, 2025, at 10:00 a.m. (prevailing Eastern Time), (ii) shortening the notice period with respect to the Voting Motion; and (iii) providing that objections to the relief requested in the Voting Motion be filed and served by the time of the hearing, March 28, 2025, at 10:00 a.m. (prevailing Eastern Time).

## BASIS FOR RELIEF

10. Local Bankruptcy Rule 9006-1(b) provides, in relevant part, that:

Except as otherwise ordered by the Court, or required by the Bankruptcy Rules, all [non-discovery related] motion papers shall be served at least fourteen (14) days before the return date. When service is made at least fourteen (14) days before the return date, any answering papers shall be served so as to ensure actual receipt not later than seven (7) days before the return date, and reply papers shall be served so as to ensure actual receipt not later than 4:00 p.m. three (3) days before the return

5

date or on the date any agenda is required to be [filed] in accordance with any case management order entered in the case, unless the Court orders otherwise.

11. There is good cause here to schedule a hearing on shortened notice for the Debtor's Voting Motion. First, as more fully set forth in the Voting Motion, the Creditors' vote change is in aid of, and integral to, the confirmation of the Debtor's Plan. Further, since the Debtor has resolved the only two objections filed against the Plan (subject to the entry of an order approving the new franchise agreement), and since the Voting Motion seeks to change the only two rejection votes to acceptance votes, no creditors are prejudiced by the request for shortened notice.

12. If the Court grants the relief requested in the Voting Motion, the Debtor will be in a position to present a fully consensual Plan at tomorrow's confirmation hearing. Approval of the Voting Motion will therefore greatly facilitate the anticipated confirmation of the Plan. Accordingly, the Debtor respectfully submits that it is imperative that the Voting Motion be considered expeditiously.

## NOTICE

13. Notice of this Scheduling Motion will be served by ECF simultaneously with the submission to the Court, as well as sent by email or by FedEx overnight to: (i) the Office of the United State Trustee, Attn: Tara Tiantian at Tara.Tiantian@usdoj.gov; (ii) counsel to OWS CRE Funding I, LLC; (iii) counsel to Margaritaville Enterprises, LLC; (iv) counsel to U.S. Specialty Insurance Company; (v) the twenty largest general unsecured creditors in this Chapter 11 Case; and (vi) all parties requesting notice under Bankruptcy Rule 2002.

WHEREFORE, Debtor 560 Seventh Avenue Owner Primary LLC respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Scheduling Motion and such other and further relief as may be just and proper.

LEGAL\76551735\1

| | |
|---|---|
| Dated: New York, New York<br>       March 27, 2025 | COZEN O'CONNOR<br><br>By: */s/ Frederick E. Schmidt, Jr.*<br>Frederick E. Schmidt, Jr.<br>3WTC, 175 Greenwich Street, 55th Floor<br>New York, New York 10007<br>Tel: (212) 883-4948<br>eschmidt@cozen.com<br><br>*Attorneys for 560 Seventh Avenue Owner Primary LLC, Debtor and Debtor in Possession* |

7